IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT GUZMAN,

      Plaintiff,

      v.                                              No. 1:21-cv-00198-KWR-JFR

NEW MEXICO STATE DEPARTMENT
OF CULTURAL AFFAIRS, and
CITY OF SANTA FE,

      Defendants.

**ORDER DENYING REQUEST FOR EX-PARTE HEARING
AND ORDER SETTING BRIEFING SCHEDULE**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction, filed March 8, 2021 **(Doc. 2)**. Plaintiff asks the Court to issue a temporary restraining order without notice. Plaintiff requests a hearing by **Friday, March 12, 2021.**

      Fed. R. Civ. P. 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

At issue here is section (B). Plaintiff did not certify in writing any efforts made to give notice and the reasons why it should not be required. There is nothing in the record to suggest that notice has been given or attempted to be given to Defendants. Plaintiff filed a request for hearing which is

one page in length.  *See* **Doc. 3.**  Because these requirements have not been met, the Court does not have authority to issue a temporary restraining order without notice.  Therefore, the Court does not see the point in holding a temporary restraining order hearing without notice.

Plaintiff appears to argue that a temporary restraining order without notice is necessary because the mural is likely to be destroyed next week.  He cites to the following article to support that allegation: https://ladailypost.com/construction-to-start-this-week-on-new-mexico-museum-of-art-vladem-contemporary-in-santa-fe/ (last accessed March 9, 2021). That article, filed on February 3, 2021 says that construction will start "this week" (i.e., the week of February 3, 2021), and does not mention when the mural would be destroyed.  It is unclear from the record when the mural would be destroyed.

Plaintiff **SHALL SERVE** the complaint and summons, the motion, and this order on the appropriate Defendants and/or entities.

Defendants shall respond to the motion **(Doc. 2)** within **fourteen (14) days** of service of the motion.  Plaintiff may reply within **seven (7) days** of the filing of the response.

**IT IS SO ORDERED**.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**