## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GILBERT GUZMAN,

    Plaintiff,

    v.   No. 1:21-cv-00198-KWR-JFR

NEW MEXICO STATE DEPARTMENT
OF CULTURAL AFFAIRS,

    Defendant.

### ORDER DENYING MOTION TO DISMISS AND MOTION TO SUPPLEMENT

**THIS MATTER** comes before the Court upon Defendant New Mexico Department of Cultural Affairs' ("NMDCA") Motion to Dismiss **(Doc. 16)**, and Plaintiff's Motion to Supplement, his response to the motion to dismiss **(Doc. 27)**. For the reasons stated below, Defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE** to filing a motion for summary judgment, and Plaintiff's motion to supplement his response to the motion to dismiss is **DENIED AS MOOT.**

The parties attached various documents, including affidavits, news articles, and conservations reports to their briefing on the motion to dismiss. The parties' briefs are also full of factual assertions that are not in the complaint and not in any document attached to the complaint or incorporated by reference into the complaint. Some of these new factual assertions are unsupported by citation to the record or complaint.

The parties have not cited to any law addressing whether the Court can consider these new factual assertions and documents. Neither party has asked this Court to convert this motion to dismiss to summary judgment. Fed. R. Civ. P. 12(d). Plaintiff did not move to convert this motion

to one under Fed. R. Civ. P. 56, file a motion to amend his complaint, or file a Fed. R. Civ. P. 56(d) motion.

The primary purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the factual allegations in the complaint. Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*").

Generally, when ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider the complaint and exhibits attached to the *complaint* or incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Outside of these documents attached to a complaint, "[t]he Court is not permitted to consider factual allegations outside the complaint when ruling on a motion to dismiss under Rule 12(b)(6), and plaintiff may not use h[is] affidavit to avoid dismissal of h[is] amended complaint." *Sallis v. Oil Capital Elec., LLC,* No. 10–CV–0111–CVE–TLW, 2010 WL 3789534, at *4 (N.D.Okla. Sept. 23, 2010)(citing *Tal v. Hogan,* 453 F.3d 1244, 1252 (10th Cir.2006)). *See Kearney v. Dimanna,* 195 Fed.Appx. 717, 721 n. 2 (10th Cir.2006)("It is well-established ... that in determining whether to grant a motion to dismiss, the district court ... [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

If the Court were to consider this motion as one under Fed. R. Civ. P. 56, the Court would be required to give the parties notice and allow them to present relevant evidence. Fed. R. Civ. P. 12(d).

It appears that both parties request that the Court consider documents attached to the briefing and numerous factual assertions outside the complaint. Neither party addressed or cited to any law on how the Court should treat or consider these new factual assertions and documents attached to the briefing. Because many of these factual assertions are unsupported by citations to the record and do not follow the Court's local rule D.N.M.LR-Civ. 56.1, the Court cannot simply convert the current briefing under Fed. R. Civ. P. 12(d).

The Court therefore denies the motion to dismiss without prejudice to Defendant filing a motion for summary judgment. The parties are advised to follow the federal and local rules in drafting briefing on summary judgment, or the Court may grant relief to the opposing party. D.N.M.LR-Civ. 56.1.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **(Doc. 16)** is **DENIED WITHOUT PREJUDICE** to filing a motion for summary judgment; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement his response to the motion to dismiss **(Doc. 27)** is **DENIED AS MOOT.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**